THE NATIONAL MUTUAL INSURANCE COMPANY OF
CELINA, OHIO, v. SALISBURY.

*Fire insurance—Demand for appraisement prerequisite to suit
—Question for jury—Reasonable time of notice and de-
mand.*

1. Plaintiff, having filed suit against defendant on a fire in-
surance policy, without first making demand for an ap-
praisement as provided in the policy, has no basis for
his cause of action and may dismiss such action at any
time before final submission to the jury.

2. In an action upon a policy of insurance, under the terms
of which it is incumbent upon the insured, in case of
loss, to give notice and demand an appraisement before
the commencement of a suit, the question whether the
giving of such notice and the demand for appraisement
were within a reasonable time under the circumstances
is for the jury.

(Decided May 29, 1922.)

ERROR: Court of Appeals for Warren county.

*Mr. James D. Johnson* and *Mr. Frank Brandon,*
for plaintiff in error.
*Mr. Howard W. Ivins; Mr. Robert J. Shawhan*
and *Mr. J. L. Kohl,* for defendant in error.

BY THE COURT. The defendant in error brought
his suit against the plaintiff in error in the court
below on an insurance policy, covering loss by fire
of an Overland touring car.
The policy was taken out on September 1, 1920,
for one year, and on October 16, 1920, the car was
substantially destroyed by fire, together with some

472          OHIO APPELLATE REPORTS.

Natl. Mutl. Ins. Co. *v.* Salisbury.          [16 Ohio

other property. The only property in question here is the destruction of the Overland touring car.

Due notice and proof of loss were filed, within the time provided in the policy.

The company rejected the claim, and, without making demand for an appraisal, as provided in the policy, defendant in error filed suit against the plaintiff in error on the 11th day of May, 1921.

August 1, 1921, the plaintiff served notice on the company and made demand for an appraisal, suggesting the name of an appraiser, as provided in the policy.

The insurance company ignored the demand for an appraisal, claiming the right to try out its liability under the policy under the suit filed May 11, 1921.

After the demand by the insured for an appraisal, and the refusal of the insurance company to name an appraiser, the insured filed a new action, dismissing the suit of May 11, 1921. Objection was made by the insurance company to the dismissal of this suit.

While several questions of error are suggested by the plaintiff in error, there are but two questions of merit.

First: Did the insured have a right to dismiss his action filed May 11, 1921?

Second: If he did have such right, were the notice and demand for an appraisement on the part of the insured within a reasonable time from the rejection of the claim?

Under the terms of the policy, preliminary to the bringing of the action it was incumbent upon the insured to give notice and demand an appraise-

ment, and suggest an appraiser. This he had not done at the time of filing the petition on May 11, 1921. There was, therefore, at the time of the filing of his petition, no basis for his cause of action, and a dismissal of the cause on that ground could have been obtained by the insurance company.

The plaintiff below had a right to dismiss his action without prejudice to a future action at any time before final submission to the jury. Section 11586, General Code.

The sole remaining question then is, Were the giving of the notice and the demand for an appraisement August 1, 1921, within a reasonable time under the circumstances? This was a question for the jury, under proper instructions of the court. Both in the special charge, requested by the insurance company, and in the general charge, the court properly stated the law applicable to this issue.

Special charge No. 9, requested by the insurance company, and which the court gave, is as follows:

"If you find from a preponderance of the evidence that the fire in question occurred on the morning of October 16, 1920, and that the plaintiff and defendant had disagreed as to the amounts of loss, and that the defendant notified the plaintiff on November 19, 1920, that it did not agree and you further find that plaintiff who was represented by counsel made no offer of appraisal until August 1, 1921, and you further find that the time from November 19, 1920, to August 1, 1921, is not a reasonable time in which plaintiff should have offered an appraisal, then I charge you the plaintiff

474 OHIO APPELLATE REPORTS.

is guilty of laches, and it is your duty to find for the defendant.''

The court in the general charge further elaborated on this question of reasonable time, in a proper way, and properly stated the law.

We find no error in the record prejudicial to the plaintiff in error.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.